IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:13-cr-30215-DWD |
| | ) | |
| JOHNATHON M. HITCH, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING THE EARLY TERMINATION
### OF SUPERVISED RELEASE

**DUGAN, District Judge:**

On September 18, 2023, an Indictment (Doc. 1), charging one count of possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A), was returned against Defendant. On June 24, 2014, Defendant pled guilty pursuant to a plea agreement. (Docs. 32 & 33). Also on June 24, 2024, Defendant was sentenced to a term of 60 months imprisonment, which was to run concurrently with Defendant's sentence in Madison County, Illinois. (Doc. 35). Defendant was placed on supervised release for a term of 10 years and required to pay a $500 fine and $100 special assessment. (Doc. 35).

On October 12, 2023, Defendant filed a Motion for the Early Termination of Supervised Release (Doc. 45). Defendant indicates he successfully completed his custodial sentence on October 30, 2017. (Doc. 45, pg. 1). On that date, Defendant began his term of supervised release. (Doc. 45, pg. 1). Defendant purportedly completed his sex offender treatment program in June 2019, was subject to a mental health assessment with no recommendation for further treatment in 2017, has complied with the monitoring

requirements for his electronic devices, and has no outstanding balances on the fine and special assessment. (Doc. 45, pgs. 1-2). According to Defendant's probation officer, as recounted by his attorney, Defendant "has a good support system in his life and seems motivated to be a successful law-abiding member of his community." (Doc. 45, pg. 2).

Defendant is "a home services personal assistant" for his uncle, who suffered brain damage in a motorcycle accident. (Doc. 45, pg. 2). Defendant works approximately 40-45 hours per week through the Illinois Division of Rehabilitation Services. (Doc. 45, pg. 2). Defendant also works seasonally, performing maintenance on swimming pools. (Doc. 45, pg. 2). Defendant maintains registration as a sex offender with the State. (Doc. 45, pg. 2).

On October 17, 2023, the Court directed the Government to file a Response, incorporating the position of the U.S. Probation Office, to Defendant's Motion. (Doc. 47). The Government has now done so, indicating it "does not oppose an early termination of…[Defendant's] supervised release." (Doc. 48, pg. 1). The Government further states:

> The United States does not challenge any of the particulars from…[Defendant]'s motion to terminate supervision. The United States Probation Office indicates that…[Defendant] has done very well on supervision. He has paid his fine and special assessment. He has employment and the appropriate support. He takes care of his ailing uncle who has serious medical issues. He is respectful and easy to deal with. His non-compliance merely consisted of four late monthly reports and three traffic tickets.

(Doc. 48, pg. 2).

Now, Defendant's Motion is governed by 28 U.S.C. § 3583(e)(1), which states the Court may, after considering a number of factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of

supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." While Federal Rule of Criminal Procedure 32.1 ordinarily requires a hearing before a term of supervised release may be modified, no hearing is necessary if the relief sought is (1) favorable to Defendant and does not extend the term of probation or supervised release, and (2) the Government has received notice and a reasonable opportunity to object to the action. *See* Fed. R. Crim. P. 32.1(c)(2).

Here, the Court **FINDS** the aforementioned requirements are satisfied, such that a hearing is not required. *See id*. The Court **FURTHER FINDS**, under § 3583(e)(1), Defendant has completed more than a year of supervised release. *See* 28 U.S.C. § 3583(e)(1). Further, the early termination of Defendant's supervised release is warranted and in the interest of justice, as he is unlikely to benefit from additional supervision. *See id*. Accordingly, in consideration of the factors set forth in 28 U.S.C. § 3553(a), the Court **GRANTS** the Motion and **ORDERS** the termination of Defendant's supervised release, effective immediately.

**SO ORDERED.**

Dated: October 30, 2023

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge